Fishman, J.
After hearing, and upon review and consideration, the defendants’ motion to dismiss Count VII is ALLOWED.
The plaintiffs, Geoffrey H. Rowley and Richard R. Downey, filed this action against the defendant, Associates for International Research, Inc. (“AIRINC”), alleging that they were unlawfully terminated because of their ages. The complaint also alleges that AIRINC’s directors violated G.L.c. 15IB, §4(5) by aiding and abetting the age discrimination. Because one of the directors, Eleanor Nelson, has since died, the plaintiffs bring their claim against her estate. The defendants contend that the plaintiffs’ claim against the Estate of Eleanor Nelson does not survive Ms. Nelson’s death and should be dismissed.
In order for an action to survive the death of a party, it must either be specifically listed under G.L.c. 228, §1 or be a type of action that survived at common law.[3] Under common law, contract actions survived a defendant’s death, McStowe v. Bornstein, 377 Mass. 804, 808 (1997), but tort claims did not. Harrison v. Loyal Protective Life Ins. Co., 379 Mass. 212, 214 (1979). Chapter 15IB is not designated under Section 1 of Chapter 228. Therefore, the issue before this Court is whether a Chapter 151B can be considered in the nature of either a tort or contract action so that its survivability beyond the death of a party may be determined.
The Supreme Judicial Court has not decided the issue of whether Chapter 15 IB survived the death of a party, but in Alba v. Raytheon, 441 Mass. 836, 838 n.5 (2004), noted that “[Chapter] 15 IB itself is silent on the issue, and . . . G.L.c. 151B is not expressly referenced in the survival statute, G.L.c. 228, §1. Given that survivability of discrimination claims may have important ramifications with respect to the policies of deterrence and remediation that underlie G.L.c. 15 IB, we commend the issue to the Legislature’s attention.” No legislation has yet addressed the matter.
The defendants argue that aiding and abetting age discrimination is essentially a civil rights tort, and therefore, is not protected by the survival statute. The Supreme Judicial Court, however, has recently held otherwise. In Ayash v. Dana-Farber Cancer Institute, the court stated that “(i]t cannot be said . . . that claims arising under G.L.c. 15 IB are causes of action in tort.” 443 Mass. 367, 391 (Mass. 2005). The fact that Chapter 15IB is not a tort action does not mean that it is contract-based, however. In holding that the charitable cap (G.L.c. 231, §85K) did not apply to claims of discrimination under Chapter 15 IB because it is not a tort, the Court described Chapter 151B as “a comprehensive statute enacted to provide judicial and administrative remedies for destructive acts of discrimination in the workplace.” Ayash, 443 Mass. at 391-92. Moreover, the Court compared Chapter 151B to Chapter 93A, which it had previously described as having created “broad new rights, forbidding conduct not previously unlawful under the common law of *135 contract and tort or under any prior statute.” Id. at 390, quoting Linkage Corp. v. Trustees of Boston Univ., 425 Mass. 1, 27-28, cert. denied, 522 U.S. 1015 (1997). Because Chapter 15IB is neither specifically listed in G.L.c. 228, §1, nor a contract action that survives the death of a party under common law, the plaintiffs’ discrimination claim against the late Eleanor Nelson does not survive.
The plaintiffs contend that where the Legislature has created broad new rights, forbidding conduct not previously unlawful under the common law of contract and tort or under any prior statute, as it did when enacting Chapter 15 IB, the survival of such claims must be determined by assessing the legislative intent and public policy underlying the statute. See Davis v. Bredvik, 1998 WL 34064621, *3 (Mass.Super.Ct. March 30, 1998) (court held that based on public policies and legislative intent underlying Chapter 93A, claims under that statute survived the death of a party). The Supreme Judicial Court’s unwillingness in Alba to engage in such an analysis and its decision to defer to the Legislature on the issue are both consistent with the language of the survival statute and indicative of the Court’s view that until the Legislature determines to expressly include Chapter 15 IB claims as actions that survive the death of a party, such claims do not survive.

ORDER

Based on the foregoing, it is hereby ORDERED that the defendants’ motion to dismiss Count VII is ALLOWED.

Chapter 228, §1 in part states “In addition to the actions which survive by the common law, the following shall survive ... (2) Actions of tort (a) for assault, battery, imprisonment or other damage to the person; (b) for consequential damages arising out of injury to the person and consisting of expenses incurred by a husband, wife, parent or guardian for medical, nursing, hospital or surgical services in connection with or on account of such injury; (c) for goods taken or carried away or converted; or (d) for damage to real or personal property.”